UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNA L. FLASH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-01885-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Lenna L. Flash ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

///

**FACTS AND PRIOR PROCEEDINGS**

On November 2, 2011, Plaintiff filed her application for disability insurance benefits and supplemental security income. AR 188-91, 192-98.[1] Plaintiff alleged that she became disabled on August 1, 2008, due to arterial fibrillation, stroke, high blood pressure, COPD and depression. AR 115, 122, 188. Plaintiff's application was denied initially and on reconsideration. AR 115-19, 122-27. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ G. Ross Wheatley held a hearing on April 12, 2013, and issued an order denying benefits on May 3, 2013. AR 7-20. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-3, 5. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on April 12, 2013, in Stockton, California. AR 26-56. Plaintiff appeared and testified. She was represented by attorney Jeffrey Milam. AR 28-29. Impartial Vocational Expert ("VE") George Meyers also testified. AR 28.

At the time of the hearing, Plaintiff was 54 years old, 5'4" and 162 pounds. She attended high school through eleventh grade, but did not graduate or receive a GED. She can read, do addition and make change. AR 31-32.

Plaintiff testified that she worked at Wal-Mart for over nine years. She participated in training programs a couple times per year. She began as an overnight stocker until she moved into management. AR 32. She stopped working in July 2008 because she tested positive for drugs. Although it was prescription medication, it belonged to someone else. AR 33.

Plaintiff confirmed that she suffers from arterial fibrillation, stroke, heart issues (ischemic fluctuations in her heartbeat, irregular heartbeat), depression, high blood pressure and chronic obstructive pulmonary disease ("COPD"). AR 33-34. Plaintiff takes medication for her arterial fibrillation, which helps with her symptoms. She last saw her doctor in February 2013. At that time, he prescribed a new blood pressure medicine because Plaintiff was having a problem with control.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

1  Her blood pressure has improved. AR 34-36. Plaintiff also has had two strokes. They occurred one
2  after the other on March 11, 2011. AR 36-37.
3  When asked about depression, Plaintiff testified that she asked to put back on Zoloft. She
4  also took Prozac for two years before switching. AR 37-38.
5  When asked about her COPD, Plaintiff testified that her symptoms include difficulty breathing,
6  coughing that can lead to dizziness, and chest pains. She uses two inhalers, including one for daily
7  treatment. Despite her doctor's advice to quit, Plaintiff admitted that she smokes about an ounce and a
8  half of tobacco each week (she rolls her own cigarettes). AR 38-39.
9  When asked about her living situation, Plaintiff testified that she had been living in a trailer on
10 church property. She was evicted the day before the hearing by the new church owners. She is now
11 sleeping wherever she can find a spot. AR 39.
12 When asked about her daily activities, Plaintiff testified that she makes coffee, does dishes,
13 cooks in the microwave, does laundry, and takes care of her dog. AR 39-40. Plaintiff has not driven
14 in five or six years and does not have a driver's license. She is able to dress herself and bathe, lift
15 eight pounds with each hand and sit for a couple hours with no problem. She cannot stand for long
16 because she gets dizzy and her back hurts. She uses a computer once or twice a month. She socialized
17 with her family. She also attends church every Sunday and on Wednesdays for Bible study. AR 40-
18 45.
19 Plaintiff admitted that she was an alcoholic and had been since she was a teenager. She last
20 drank a week before the hearing. About a 1 ½ or 2 years before the hearing, Plaintiff stopped drinking
21 for eight or nine months. She attended AA, but relapsed. AR 45-46.
22 Following questioning by the ALJ, Plaintiff's counsel questioned her about her heart issues.
23 Plaintiff reported that she has found it necessary to take Nitroglycerin. Although she could not
24 identify how often, Plaintiff explained that 20 pills are in a bottle and she went through two bottles in
25 the past three months. Her doctors have never told her how often she should need to use it. AR 46.
26 When asked about medication side effects, Plaintiff reported that she has a problem with dizziness and
27 has fallen many times. AR 46-47.
28

When asked clarifying questions about taking prescription medication that was not hers, Plaintiff explained that she tripped over her dog, landed on the wood/metal at the edge of her pull-out couch, and cracked three ribs. It happened on a Saturday night, and she was the only manager to work on Sunday morning. One of the employees gave Plaintiff a Vicodin. She took the drug and they tested her. AR 47.

Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE") George Meyers. AR 49. The VE testified that Plaintiff's past jobs were classified as manager of a retail store, DOT number 185.167-046, light, skilled, SVP 7, and cashier, DOT number 211.462-010, light, unskilled, SVP 2. AR 50. The ALJ then asked the VE hypothetical questions, contemplating an individual of claimant's age, education, and work experience. In his first hypothetical, the ALJ asked the VE to consider an individual capable of performing light work with the following postural limitations: no ladders, ropes or scaffolds, occasional ramps and stairs, no balancing, occasional stooping, crouching, kneeling and crawling. This individual also should avoid exposure to hazardous machinery and unprotected heights and work would be limited to simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks with only occasional changes in the work setting. AR 50-51. The VE testified that this person would be capable of performing Plaintiff's past work as a cashier. AR 51.

For the second the hypothetical, the ALJ asked the VE to assume a person capable of performing light work with a sit/stand option allowing the person to sit or stand alternately at will provided the person was not off task more than 10 percent of the time. This person also had the following postural limitations: no ladders, ropes or scaffolds, occasional ramps and stairs, no balancing, occasional stooping, crouching, kneeling and crawling. This person must avoid all exposure to hazardous machinery and unprotected heights and work would be limited to simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks with only occasional changes in the work setting. The VE testified that such a person would be capable of performing past work as a cashier, but the number of jobs would be eroded based upon the sit/stand option. This person also would be capable of performing other jobs in the national economy, such as office help, assembler of

1 small products and ticket seller. The VE clarified that ticket seller was inconsistent with the
2 Dictionary of Occupational Titles, but it was based on his experience. AR 51-53.

3       For the third hypothetical, the ALJ added to the previous hypothetical that due to a
4 combination of medical conditions and associated pain this person would have three or more
5 unexcused or unscheduled absence per month. The VE testified that there would not be any jobs that
6 this person could perform. AR 53.

7       Plaintiff's counsel also asked the VE questions. Based on the second hypothetical, which
8 contained a sit/stand option, Plaintiff's counsel questioned whether there was a minimum amount of
9 time that the worker would have to remain in one posture or the other. The VE responded that it was a
10 sit/stand at will as long as the person was not off task for more than 10 percent. Based on his
11 experience, the VE testified that a person changing position every 15 to 20 minutes would be over the
12 10 percent off-task limit, which would result in no jobs. AR 54-55.

13       **Medical Record**

14       The entire medical record was reviewed by the Court. AR 310-619. The medical evidence
15 will be referenced below as necessary to this Court's decision.

16       **The ALJ's Decision**

17       Using the Social Security Administration's five-step sequential evaluation process, the ALJ
18 determined that Plaintiff did not meet the disability standard. AR 10-20. More particularly, the ALJ
19 found that Plaintiff had not engaged in substantial gainful activity since August 1, 2008, her alleged
20 onset date. AR 12. Further, the ALJ identified COPD, ischemic heart disease ("IHD") without
21 angina, hypertension, affective disorder-depression and recurrent arrhythmia as severe impairments.
22 AR 12-13. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet
23 or exceed any of the listed impairments. AR 13-14.

24       Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual
25 functional capacity ("RFC") to perform less than the full range of light work. Plaintiff must be
26 allowed to sit or stand alternatively at will provided that she was not off task more than 10% of the
27 work period. She occasionally could climb ramps and stairs, but never climb ladders, ropes or
28 scaffolds. She occasionally could stoop, kneel, crouch or crawl, but never balance. She also must

1  avoid all use of hazardous machinery and all exposure to unprotected heights. Additionally, her work
2  must be simple, as defined in the Dictionary of Occupational Titles ("DOT") as SVP levels 1 and 2,
3  routine and repetitive with no more than occasional changes in the work setting. AR 14-18. The ALJ
4  found that Plaintiff could perform her past relevant work as a cashier. Alternatively, the ALJ found
5  that Plaintiff could perform other jobs that existed in significant numbers in the national economy.
6  AR 18-20. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.
7  AR 20.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such

severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff contends that the ALJ's assessed RFC precluded the performance of her past relevant work and such legal error is not harmless.

## DISCUSSION[2]

In assessing Plaintiff's RFC, the ALJ found Plaintiff was limited to "simple, as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks," in addition to other exertional and non-exertional limitations. AR 14. At the hearing, the ALJ asked the VE a hypothetical question describing a person with Plaintiff's limitations, including the limitation to simple, SVP levels 1 and 2, routine, and repetitive tasks. The VE opined that a person with such limitations could perform Plaintiff's past work as cashier. AR 51-52. Based on the testimony of the vocational expert, the ALJ concluded at step four of the sequential evaluation that Plaintiff was capable of performing her past relevant work as a cashier. AR 19. Although the VE identified the cashier occupation, 211.462-010, as SVP 2 (AR 50), the DOT states that such work requires Level 3 Reasoning. DOT 211.462-010, 1991 WL 671840. Plaintiff therefore argues that the ALJ erred by failing to reconcile the inconsistency between her RFC limitations to simple, routine and repetitive tasks and the Level 3 Reasoning requirements of her past work as a cashier. The Court agrees, but finds the error harmless.

When there is an apparent conflict between the VE's testimony and the DOT, the ALJ is required to reconcile the inconsistency. *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007). Recently, the Ninth Circuit has determined that there is an apparent conflict between an RFC to perform simple, repetitive tasks and the demands of Level 3 Reasoning. *Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015). The ALJ must therefore ask the VE to explain the conflict and "then

---

[2]   The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

determine whether the . . . explanation for the conflict is reasonable" before relying on the VE's testimony to reach a disability determination. *Id.*

Here, as in *Zavalin*, there is a conflict between Plaintiff's RFC limited to simple (SVP 1 and 2), routine and repetitive tasks and the Level 3 Reasoning requirements of her past job as a cashier. The ALJ apparently failed to recognize this conflict. As a result, the ALJ did not ask the VE to explain the deviation from the DOT or how a person limited to simple, routine and repetitive tasks could meet Level 3 Reasoning requirements. The Court therefore concludes that the ALJ erred. *Zavalin*, 778 F.3d at 847 (ALJ erred by failing to ask the expert to explain why a person with a limitation to simple, routine tasks could nevertheless meet the demands of Level 3 reasoning). Even though the ALJ erred by failing to reconcile the apparent conflict between the VE's testimony and the DOT, the Court is not precluded from considering whether Plaintiff's abilities demonstrate that she is capable of working as a cashier. *See Zavalin*, 778 F.3d at 847-48; *Musser v. Colvin*, No. 1:14-CV-00684-SKO, 2015 WL 4460677, at *7 (E.D. Cal. Jul 21, 2015) ("Even if the ALJ errs in failing to reconcile an apparent conflict between the VE's testimony and the DOT, the Court must consider whether the plaintiff's abilities, such as his educational background, demonstrate that he is indeed capable of working, rendering the ALJ's error harmless").

In contending that the ALJ's error was harmless, the Commissioner argues that there is no medical evidence in the record supporting a conclusion that Plaintiff had diminished cognitive or reasoning ability that would preclude her from performing a job requiring Level 3 Reasoning. In support of this argument, the Commissioner relies on medical evidence from Dr. Palmer, the consultative examiner, who opined that Plaintiff had no intellectual impairments and had the ability to "adequately perform one or two step simple repetitive tasks" as well as "complex tasks." AR 410. However, the Commissioner overlooks the ALJ's rejection of any finding that Plaintiff could perform complex tasks. AR 17, 18. As the ALJ did not rely on evidence of Plaintiff's ability to perform complex tasks, the Court may not do so now. *Zavalin*, 778 F.3d at 848 (where ALJ did not rely on certain evidence, court may not rely on that evidence to find error harmless); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

1 As an additional basis for arguing that the ALJ's failure to reconcile the apparent conflict between the DOT and the VE's testimony was harmless error, the Commissioner relies on the ALJ's alternate finding that Plaintiff could perform at least two other jobs in the national economy that only require Level 2 Reasoning. (Doc. 18 at 12-13). As the Commissioner correctly notes, the ALJ not only found that Plaintiff could perform her past relevant work as a cashier, but also made an alternate finding at step five of the sequential evaluation that other jobs existed in the national economy that Plaintiff could perform, such as office helper (239.567-010, Light SVP2), assembler of small products (706.684.022, Light SVP2) and ticket seller (211.467-030, Light SVP2). AR 19-20. Of those jobs, office helper and assembler of small products require no more than Level 2 Reasoning. DOT 239.567-010, 1991 WL 672232; DOT 706.684-022, 1991 WL 679050. Plaintiff's limitation to simple, routine and repetitive work is consistent with Level 2 Reasoning. *See*, *e.g.*, *Zavalin*, 778 F.3d at 847; *Meissl v. Barnhart*, 403 F.Supp.2d 981 (C.D. Cal. 2005); *Xiong v. Comm'r of Soc. Sec.,* No. 1:09-cv-00398-SMS, 2010 WL 2902508, at *6 (E.D. Cal. Jul. 22, 2010) ("Courts within the Ninth Circuit have consistently held that a limitation requiring simple or routine instructions encompasses the reasoning levels of one and two.").

In light of the alternative finding at step five that Plaintiff could perform other work that existed in significant numbers in the national economy, including that of office helper and assembler of small parts, the Court finds that any error in failing to reconcile the VE's testimony with the DOT at step four is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (although the ALJ's step four determination constituted error, it was harmless error in light of the alternative finding at step five that the claimant could perform other work in the national and local economies that existed in significant numbers); *Stout*, 454 F.3d at 1055 (error harmless if it is inconsequential to the ultimate nondisability determination).

Plaintiff's argument that the ALJ erred at step five by failing to properly consider Plaintiff's age when applying the Medical–Vocational Guidelines, 20 CFR, Part 404, Subpart P, Appendix 2 ("the Grids") is not persuasive. Plaintiff contends that the ALJ should have applied the Grids by placing her in the "advanced age" category because she would have turned fifty-five years old four months after the ALJ's decision, which would have rendered her disabled. The Commissioner

counters that that the ALJ properly considered whether to place Plaintiff in an older age category which is all that is required under the law.

At step five of the disability analysis, the Commissioner bears the burden of "show[ing] that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The Commissioner can meet this burden in one of two ways: "(a) by the testimony of a vocational expert, *or* (b) by reference to the [Grids]. *Id*. at 1101 (emphasis in original).

The Grids are matrices of the "four factors identified by Congress-physical ability, age, education, and work experience-and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461–62, 103 (1983). For purposes of applying the grids, there are three age categories: younger person (under age 50), person closely approaching advanced age (age 50–54), and person of advanced age (age 55 or older). 20 C.F.R. §§ 404.1563(c)-(e); 416.964(c)-(e). In relevant part, the regulation provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

*Id.* §§ 404.1563(b); 416.964(b).

Pursuant to the text of the regulation, "an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood v. Commissioner of Social Security Administration*, 616 F.3d 1068, 1071 (9th Cir.2010) (emphasis in original). Rather, the ALJ is required by regulation only to *consider* whether to use an older age category in a borderline situation. *Id.* at 1070. An ALJ satisfies this consideration requirement by mentioning the claimant's date of birth and the claimant's age category on the date of the ALJ's decision, citing the relevant regulation regarding which age category to apply, and evaluating the overall impact of all the factors in the claimant's case by relying on the testimony of a

vocational expert. *Id.* at 1071–72. There is no "obligation to make express findings incorporated in the ALJ's opinion." *Id.* at 1073; *Campbell v. Astrue*, 2011 WL 1459168, * 3 (E.D. Cal., Apr.15, 2011).

Here, Plaintiff would have turned fifty-five years old within four months of the ALJ's decision, and thus it is a borderline situation. Consistent with *Lockwood*, the ALJ noted Plaintiff's date of birth, her age at the alleged disability onset date, and her age category at the time of the decision. AR 15, 19. The ALJ also cited to 20 C.F.R. § 404.1563 and § 416.963, which prohibit mechanical application of the age categories in a borderline situation. AR 19. Additionally, the ALJ relied upon the VE's testimony in finding that there were other jobs in the national economy that Plaintiff could perform. AR 19-20. This is all that is required in the Ninth Circuit. *Lockwood*, 616 F.3d at 1071–1072; *Perez v. Astrue*, No. 10-01471, 2012 WL 28639, at *6 (E.D. Cal. Jan. 5, 2012) (ALJ sufficiently considered claimant's borderline age by setting forth claimants birth date, citing and acknowledging section 404.1563, and relying on the testimony of a VE).

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Lenna L. Flash.

IT IS SO ORDERED.

Dated: **March 18, 2016**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE